**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**WESTERN DIVISION**

| | | |
|---|---|---|
| FEDERAL NATIONAL MORTGAGE ASSOCIATION, | ) ) ) | No. CV 19-328-PA (PLAx) |
| Plaintiff, | ) ) | **ORDER REMANDING CASE TO STATE COURT** |
| v. | ) ) | |
| JACQUELYN F. LOWDEN, <u>et</u> <u>al.</u>, | ) ) | |
| Defendants. | ) ) | |

The Court sua sponte REMANDS this action to the California Superior Court for the County of Riverside for lack of subject matter jurisdiction, as set forth below. "The right of removal is entirely a creature of statute and 'a suit commenced in a state court must remain there until cause is shown for its transfer under some act of Congress.'" <u>Syngenta Crop Prot., Inc. v. Henson</u>, 537 U.S. 28, 32 (2002) (quoting <u>Great N. Ry. Co. v. Alexander</u>, 246 U.S. 276, 280 (1918)). Where Congress has acted to create a right of removal, those statutes are strictly construed against removal jurisdiction. <u>Id.</u>; <u>Nev. v. Bank of Am. Corp.</u>, 672 F.3d 661, 667 (9th Cir. 2012); <u>Gaus v. Miles, Inc.</u>, 980 F.2d 564, 566 (9th Cir. 1992).

Unless otherwise expressly provided by Congress, a defendant may remove "any civil action brought in a State court of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a); <u>Dennis v. Hart</u>, 724 F.3d 1249, 1252 (9th Cir. 2013). The

removing defendant bears the burden of establishing federal jurisdiction.  Abrego Abrego v. Dow Chem. Co., 443 F.3d 676, 682 (9th Cir. 2006); Gaus, 980 F.2d at 566-67.  "Under the plain terms of § 1441(a), in order properly to remove [an] action pursuant to that provision, [the removing defendant] must demonstrate that original subject-matter jurisdiction lies in the federal courts." Syngenta Crop Prot., 537 U.S. at 33.  Failure to do so requires that the case be remanded, as "[s]ubject matter jurisdiction may not be waived, and . . . the district court must remand if it lacks jurisdiction." Kelton Arms Condo. Owners Ass'n v. Homestead Ins. Co., 346 F.3d 1190, 1192 (9th Cir. 2003).  "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."  28 U.S.C. § 1447(c).  It is "elementary that the subject matter jurisdiction of the district court is not a waivable matter and may be raised at anytime by one of the parties, by motion or in the responsive pleadings, or sua sponte by the trial or reviewing court." Emrich v. Touche Ross & Co., 846 F.2d 1190, 1194 n.2 (9th Cir. 1988).

Here, plaintiff failed to include a copy of the underlying state court complaint as required by 28 U.S.C. § 1446(a).  Thus, plaintiff has not met her burden of demonstrating original subject-matter jurisdiction.  Nevertheless, from a review of the Notice of Removal and the online state court case report for case number SWC1801854, it is evident that the Court lacks subject matter jurisdiction over the instance case, as no basis for federal question jurisdiction has been identified, as follows:  (a) The underlying case was commenced with the filing of an unlawful detainer complaint, and consequently does not include any claim "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331; (b) Removing defendant(s) may be asserting that the affirmative defenses at issue give rise to federal question jurisdiction, but "the existence of federal jurisdiction depends solely on the plaintiff's claims for relief and not on anticipated defenses to those claims." ARCO Envtl. Remediation, L.L.C. v. Dep't of Health and Envtl. Quality, 213 F.3d 1108, 1113 (9th Cir. 2000).  An "affirmative defense based on federal law" does not "render[] an action brought in state court removable." Berg v. Leason, 32 F.3d 422, 426 (9th Cir. 1994).  A "case may not be removed to federal court on the basis of a federal defense . . . even if the defense is anticipated in the plaintiff's complaint, and even if both parties admit that the defense is the only question truly at issue in the case." Franchise Tax Bd. v. Constr. Laborers

Vacation Tr., 463 U.S. 1, 14 (1983); and (c) The underlying action is an unlawful detainer proceeding, arising under and governed by the laws of the State of California.

IT IS THEREFORE ORDERED that this matter be, and hereby is, REMANDED to the Riverside County Superior Court of California, for lack of subject matter jurisdictio

DATED: January 17, 2019

_____
HONORABLE PERCY ANDERSON
UNITED STATES DISTRICT JUDGE